Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
Tel: (323) 988-2400
Fax: (866) 861-1390
LIBERTY CACHUELA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LIBERTY CACHUELA, | Case No.: 3:15-cv-1403 |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **(Unlawful Debt Collection Practices)** |
| CITIBANK, N.A., | |
| Defendant. | |

LIBERTY CACHUELA (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against CITIBANK, N.A. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court over Counts I of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Daly City, San Mateo County, California.

7. Defendant is a business entity with a principal place of business in New York, New York.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around 2014, Defendant began constantly and continuously placing collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Plaintiff's alleged debt arose through a consumer credit transaction.

11. Defendant places collection calls from telephone numbers, including, but not limited to, 877-561-2272.

12. Defendant places collection calls to Plaintiff's cellular telephone at phone number 415-254-18XX.

13. Per its prior business practices, and based upon the timing, pattern, and frequency of Defendant's calls, each of Defendant's calls were placed using an automatic telephone dialing system.

14. On several occasions, including December 9, 2014 at approximately 9:06 a.m., December 14, 2014 at approximately 1:56 p.m., and December 19, 2014 at approximately 8:36 a.m., Plaintiff spoke with Defendant's representative and requested that Defendant cease calling.

15. Plaintiff revoked any consent, express, implied or otherwise, to receive automated collection calls from Defendant.

16. Despite Plaintiff's repeated requests to cease, Defendant continued to place multiple collection calls to Plaintiff on a daily basis.

17. Defendant placed at least seventy-six (76) collection calls to Plaintiff over an approximate two-month period.

## COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT

18. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, LIBERTY CACHUELA, respectfully requests judgment be entered against Defendant, CITIBANK, N.A. for the following:

20. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

21. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

22. All court costs, witness fees and other fees incurred; and

23. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

25. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

   c. Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq.*, to wit:

      1. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

      2. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, harass, or abuse Plaintiff.

WHEREFORE, Plaintiff, LIBERTY CACHUELA, respectfully requests judgment be entered against Defendant, CITIBANK, N.A. for the following:

26. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

27. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

28. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  March 26, 2015

KROHN & MOSS, LTD.


By: /s/ Ryan Lee
Ryan Lee
Attorney for Plaintiff


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LIBERTY CACHUELA, demands a jury trial in this case.